| | |
|---|---|
| Case No.　CV 18-5276 VAP (SS) | Date: June 27, 2018<br>Page 1 of 7 |

Title:　Juventino Ramirez v. Dean Borders

---

DOCKET ENTRY:　**ORDER TO SHOW CAUSE WHY THE MAGISTRATE JUDGE SHOULD NOT RECOMMEND THAT THIS ACTION BE DISMISSED AS SUCCESSIVE AND UNTIMELY**

---

PRESENT:

**HONORABLE SUZANNE H. SEGAL, UNITED STATES MAGISTRATE JUDGE**

| Marlene Ramirez | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

ATTORNEYS PRESENT FOR PLAINTIFF:　　ATTORNEYS PRESENT FOR DEFENDANTS:

　　None Present　　　　　　　　　　　　None Present

**PROCEEDINGS:　(IN CHAMBERS)**

　　On May 21, 2018,[1] Juventino Ramirez ("Petitioner"), a California state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254, challenging his 2013 state conviction. (Dkt. No. 1). The Petition appears to be successive and untimely.

//

---

[1] Under the "mailbox rule," a pleading filed by a pro se prisoner is deemed filed as of the date the prisoner delivered it to prison authorities for mailing, not the date on which the pleading may have been received by the court. See Houston v. Lack, 487 U.S. 266, 270 (1988); Anthony v. Cambra, 236 F.3d 568, 574-75 (9th Cir. 2000). Here, the Court uses the date the Petition was signed as the constructive filing date. (See Petition at 10). (Citations refer to the pages assigned by the court's electronic case filing system.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.    CV 18-5276 VAP (SS)                    Date: June 27, 2018
                                                    Page 2 of 7

Title:      Juventino Ramirez v. Dean Borders

**Successiveness**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") applies to the instant Petition because Petitioner filed it after AEDPA's effective date of April 24, 1996. Lindh v. Murphy, 521 U.S. 320, 336 (1997). AEDPA prohibits a second or successive petition absent permission by the appropriate court of appeals. 28 U.S.C. § 2244(a)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); see also Tyler v. Cain, 533 U.S. 656, 661 (2001) ("AEDPA greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications."); Burton v. Stewart, 549 U.S. 147, 152-53 (2007) (per curiam) (AEDPA states that "before filing [a second or successive habeas] application in the district court, a prisoner 'shall move in the appropriate court of appeals for an order authorizing the district court to consider the application'") (quoting 28 U.S.C. § 2244(b)(3)(A)). Thus, "If [a] prisoner asserts a claim that he has already presented in a previous federal habeas petition, the claim must be dismissed in all cases. And if the prisoner asserts a claim that was not presented in a previous petition, the claim must be dismissed unless it falls within one of two narrow exceptions." Tyler, 533 U.S. at 661 (citations omitted).[2]

The instant Petition challenges the same 2013 conviction that Petitioner challenged in a 2014 petition for habeas relief in this District. (See Ramirez v. Miller, C.D. Cal. No. CV 14-8696 VAP (SS), Dkt. No. 1). The Court denied that petition with prejudice on August 19, 2015. (Id., Dkt. Nos. 19-21); see also Burton, 549 U.S at 153 (petition is successive if it challenges "the same custody imposed by the same judgment of a state court" as a prior petition).

---

[2] "One of these exceptions is for claims predicated on newly discovered facts that call into question the accuracy of a guilty verdict. The other is for certain claims relying on new rules of constitutional law." Tyler, 533 U.S. at 661 (citations omitted).

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.    CV 18-5276 VAP (SS) | Date: June 27, 2018 |
| | Page 3 of 7 |

Title:     Juventino Ramirez v. Dean Borders

Petitioner must therefore obtain permission from the Ninth Circuit before this Court can adjudicate his challenge to his 2013 conviction. 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Indeed, even if Petitioner qualifies for an exception to AEDPA's bar on claims raised in successive petitions, he must still receive permission from the Ninth Circuit before filing a petition in this Court. Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008) ("Even if a petitioner can demonstrate that he qualifies for one of these exceptions, he must seek authorization from the court of appeals before filing his new petition with the district court."). Based on the Court's review of the docket, Petitioner has not requested or received permission from the Ninth Circuit to file the Petition. Therefore, the Court lacks jurisdiction to adjudicate Petitioner's habeas challenge to his 2013 conviction. See Burton, 549 U.S. at 157.

**Timeliness**

AEDPA altered federal habeas litigation by imposing a specific time limit on the filing of federal habeas petitions. See Rhines v. Weber, 544 U.S. 269, 274 (2005). By creating a limitations period, Congress intended "to reduce delays in the execution of state and federal criminal sentences." Woodford v. Garceau, 538 U.S. 202, 206 (2003). Under 28 U.S.C. § 2244(d)(1), as amended, state prisoners have only one year in which to file their federal habeas petitions. The one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1) begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.    CV 18-5276 VAP (SS)                    Date: June 27, 2018
                                                    Page 4 of 7

Title:    Juventino Ramirez v. Dean Borders

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). A petitioner ordinarily has one year from the date that his conviction becomes final to file a federal habeas petition. 28 U.S.C. § 2244(d)(1)(A). A case becomes final with "the conclusion of direct review or the expiration of the time for seeking such review." Id.

Petitioner states that he was sentenced on February 26, 2013. (Petition at 2). The California Court of Appeal denied his appeal, and the California Supreme Court denied his petition for review on June 18, 2014. (Id. at 4, 6). Assuming he did not appeal to the United States Supreme Court, his conviction became final ninety days later, on September 16, 2014. See Bowen v. Roe, 188 F.3d 1157, 1158–59 (9th Cir. 1999) (holding that the period of "direct review" for the purposes of AEDPA's limitation period "includes the period within which a petitioner can file a petition for writ of certiorari from the United States Supreme Court"); see also Sup. Ct. R. 13.1 (allowing a petition for a writ of certiorari seeking review of a judgment of a state court of last resort to be filed "within 90 days after the entry of judgment"). The limitations period began to run the following day and expired one year later, on September 17, 2015. Therefore, absent tolling, the instant Petition is untimely by over two and a half years.

AEDPA provides a statutory tolling provision that suspends the limitations period for the time during which a "properly filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); Bonner v. Carey, 425 F.3d 1145, 1148 (9th Cir. 2005). When a petition is untimely, it is not "properly filed" and AEDPA's statute of limitations will not toll. Pace, 544 U.S. at 417. Moreover, if a petition is untimely, then "none of the time before or during the court's consideration of that petition is statutorily tolled." Bonner v. Carey, 425 F.3d 1145, 1149 (9th Cir. 2005). In addition, the time prior to collateral review is not subject to statutory tolling. See Thorson v. Palmer,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   CV 18-5276 VAP (SS)                           Date: June 27, 2018
                                                          Page 5 of 7

Title:     Juventino Ramirez v. Dean Borders

479 F.3d 643, 646 (9th Cir. 2007). Also, federal habeas petitions do not toll the limitation period. Duncan v. Walker, 533 U.S. 167 (2001).

Although the Petition does not list any state habeas petitions, the Court's review of the California appellate court dockets reveals that Petitioner filed two habeas petitions in the California Court of Appeal and two in the California Supreme Court. First, Petitioner filed a habeas petition in the Court of Appeal on September 28, 2016, which the court denied on October 20, 2016. (See California Appellate Courts Case Information Website, http://appellatecases.courtinfo.ca.gov, California Court of Appeal, 2nd Appellate District, Case No. B277937).³ He filed a habeas petition in the California Supreme Court on October 13, 2016, which the court denied on November 30, 2016. (Id., California Supreme Court Case No. S237770). On November 2, 2016, Petitioner filed another habeas petition in the Court of Appeal, which the court denied on November 17, 2016. (Id., California Court of Appeal, 2nd Appellate District, Case No. B278694). Almost one year later, on November 13, 2017, he filed another habeas petition in the California Supreme Court. (Id., California Supreme Court Case No. S245480). On January 31, 2018, the court denied the petition because it was untimely and successive. (Id. (citing In re Robbins, 18 Cal. 4th 770, 780 (1998); In re Clark, 5 Cal. 4th 750, 767-69 (1993)).

Even if these state petitions were all "properly filed," there were still multiple years when no state habeas petition was pending. See Larsen v. Soto, 742 F.3d 1083, 1088 (9th Cir. 2013) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."). It appears, therefore, that the petitions do not provide sufficient grounds for statutory tolling. Petitioner's response to this Order should provide any additional facts that would meet his burden of demonstrating that he is entitled to statutory tolling. See, e.g., Banjo v. Ayers, 614 F.3d 964, 967 (9th Cir. 2010) ("[The petitioner] bears the burden of proving that the statute of limitations was tolled.").

---

³   The Court takes judicial notice of state court documents relevant to the disposition of this case. See Harris v. Cty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012) ("We may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts.") (citation omitted).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.    CV 18-5276 VAP (SS)                    Date: June 27, 2018
                                                    Page 6 of 7

Title:    Juventino Ramirez v. Dean Borders

In addition to statutory tolling, the limitations period may also be subject to equitable tolling if Petitioner can demonstrate both: (1) that he has diligently pursued his rights; and (2) that some extraordinary circumstance stood in his way. See Holland v. Florida, 560 U.S. 631, 649 (2010). "The petitioner must show that the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time." Porter v. Ollison, 620 F.3d 952, 959 (9th Cir. 2010) (citation omitted). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) (citation and brackets omitted).

Petitioner has not alleged any facts indicating that he may be entitled to equitable tolling. Petitioner's response to this Order should identify any facts that would permit him to demonstrate that he is entitled to equitable tolling. See Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002) (a habeas petitioner bears the burden of proof to demonstrate that he is entitled to equitable tolling).

**Conclusion**

Based upon the Petition as currently submitted, 28 U.S.C. § 2244(a)(3)(A) appears to bar Petitioner's challenge to his 2013 conviction as successive. Petitioner therefore is **ORDERED TO SHOW CAUSE**, within fourteen (14) days of the date of this Order, why this Court should not recommend that the Petition be dismissed without prejudice as successive.

Moreover, 28 U.S.C. § 2244(d)(1) appears to bar this action as untimely. Petitioner therefore also is **ORDERED TO SHOW CAUSE**, within fourteen (14) days of the date of this Order, why this Court should not recommend dismissal of this action pursuant to the AEDPA's one-year period of limitation. Petitioner further is advised to inform the Court of any reason why he may be entitled to statutory or equitable tolling.

Petitioner may satisfy this Order to Show Cause by filing a response and/or declaration setting forth any reason the instant Petition is not barred as successive and untimely.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   CV 18-5276 VAP (SS) | Date:  June 27, 2018 |
| | Page 7 of 7 |

Title:   Juventino Ramirez v. Dean Borders

After the Court receives a response to the Order to Show Cause, the Court may prepare a Report and Recommendation for submission to the District Judge.  This Order is not dispositive of any of Petitioner's claims.

**Instead of filing a response to the instant Order to Show Cause, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a).  A Notice of Dismissal form is attached for Petitioner's convenience. Petitioner, however, is advised that any dismissed claims may be later subject to the statute of limitations under 28 U.S.C. § 2244(d)(1), as amended by the AEDPA, which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."**

**Petitioner is expressly warned that failure to timely file a response to this Order to Show Cause may result in a recommendation that this action be dismissed with prejudice for his failure to comply with Court orders and failure to prosecute.  See Fed. R. Civ. P. 41(b).**

The Clerk of Court is directed to serve a copy of this Order to Show Cause on Petitioner at his current address of record.

IT IS SO ORDERED.